<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BEECHER'S HANDMADE CHEESE, LLC, *Plaintiff*, v. NEW SOUND TRANSPORTATION LLC, and RAY S.F., INC., d/b/a Freezpak Logistics, *Defendants*. | Civil Action No. 21-12809 <u>**OPINION**</u> |

**<u>John Michael Vazquez, U.S.D.J.</u>**

This matter arises out of a trucking accident. Presently before the Court is the motion of Defendant Ray S.F., Inc. d/b/a Freezpak Logistics ("Freezpak"), to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 51. The Court reviewed all submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, the motion to dismiss the Amended Complaint is **DENIED**. The Court also orders additional briefing as to the scope of the Carmack Amendment's preemptive effect.

---

[1] Freezpak's brief in support of its motion to dismiss, D.E. 51-1 ("D. Br."); Plaintiff's opposition to the motion to dismiss, D.E. 54 ("Plf. Opp'n"); Freezpak's reply, D.E. 56 ("D. Rep.").

I. **BACKGROUND**[2]

Plaintiff is a Washington-state limited liability company. D.E. 48 ("AC") ¶ 1. Plaintiff contacted Freezpak to arrange a shipment of 17 pallets' worth (or 877 cases) of cheese from a facility in South Plainfield, New Jersey to Burien, Washington; the transportation was to start on May 7 or 8, 2020. *Id.* ¶¶ 10, 13. Freezpak, a New Jersey corporation, is registered as a "transportation property broker" under the Federal Motor Carrier Safety Administration. *Id.* ¶¶ 3, 6 (citing 49 U.S.C. § 13904). Plaintiff informed Freezpak that the cheese had to be transported in a cooled truck at a temperature between thirty-four and thirty-nine-degrees Fahrenheit. *Id.* ¶ 10. The bill of lading reflected as much. *Id.* ¶ 13. Plaintiff did not communicate with any other entity to arrange the shipment; Plaintiff avers that Freezpak "took responsibility for the transportation of the subject cargo[.]" *Id.* ¶ 12.

Defendant New Sound Transportation, LLC ("NST"), received the shipment in South Plainfield on May 8, 2020. *Id.* ¶ 13. The cheese was loaded into the specialized trailer called for in the bill of lading. *Id.* On May 14, 2020, the truck was involved in an accident near Billings, Montana. *Id.* ¶ 14. The cheese was loaded into another truck and brought to an NST warehouse in Fife, Washington. *Id.* Freezpak informed Plaintiff of the accident, and the cheese was inspected at the Fife warehouse. *Id.* ¶¶ 15, 16. The cheese had superficial blemishes but otherwise appeared to have weathered the crash. *Id.* However, Defendants were unable to produce records that the cheese was kept at the necessary temperature throughout the trip either before or after the accident, and Plaintiff assumes that the cheese must have been exposed to harmfully high temperatures because of the accident. *Id.* ¶¶ 16-20. As a result, the cheese effectively became damaged goods,

---

[2] The factual background is taken from the Amended Complaint ("AC"), D.E. 48. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

and Plaintiff realized a loss of $243,433.46 when Plaintiff sold it for salvage value on October 24, 2020.  *Id.* ¶¶ 22-23.

Plaintiff commenced this action on June 21, 2021.  D.E. 1.  Plaintiff filed the operative Amended Complaint on May 24, 2022.  D.E. 48.  The Amended Complaint brings claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 101, *et seq.*, against both Defendants.  AC ¶¶ 27-29.  It also brings a claim for breach of contract against Freezpak.  *Id.* ¶¶ 30-32.  The current motion to dismiss followed.  D.E. 51.

## II.    STANDARD OF REVIEW

Freezpak moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler*, 578 F.3d at 210-211 (3d Cir. 2009).  A court "must accept all of the complaint's well-pleaded facts as true."  *Id.* at 210.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim.  *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

#### A. Interstate Commerce Act Claims

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), governs the field of interstate shipping. *See Certain Underwriters at Int. at Lloyds of London v. UPS of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014). Pursuant to the Carmack Amendment, "a carrier is liable for damages incurred during a shipment of goods, whereas a broker—someone who merely arranges for transportation—is not liable." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 F. App'x 284, 285 (3d Cir. 2019) (footnote omitted). "To establish a *prima facie* case against a carrier under the Carmack Amendment, a shipper must prove (1) delivery of goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of the damages." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 140 (3d Cir. 2017) (internal quotation omitted).

Plaintiff alleges that NST is a carrier and that Freezpak "has acted as a *de facto* carrier in taking responsibility for the transportation of interstate shipments for Plaintiff[.]" *See* AC ¶ 4 (NST), ¶ 7 (Freezpak). Freezpak argues that it is not subject to the Carmack Amendment because Plaintiff has not plausibly alleged that Freezpak acted as an interstate carrier. D. Br. at 5-7.

Plaintiff accuses Freezpak of putting form over substance and maintains that courts treat brokers as carriers for Carmack Amendment claims when those parties "accept[] responsibility for ensuring the delivery of goods." Plf. Opp'n at 6 (quoting *Tryg*, 767 F. App'x at 287).

The question of whether a party has accepted such responsibility is ultimately one of fact. *E.g.*, *Tryg*, 767 F. App'x at 286 (deciding question after bench trial). At the motion to dismiss stage, "[i]t is inappropriate . . . to make any factual determinations regarding the precise nature of [Freezpak's] business status and/or activities as to the transactions at issue." *Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, No. 17-553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017) (rejecting defendant's argument that Carmack Amendment did not apply because defendant was a freight broker and not a "carrier" and denying motion to dismiss).

In addition, Plaintiff's allegations are sufficiently alleged. The Amended Complaint outlines the negotiations between the parties and alleges that Freezpak assumed responsibility for the shipment. *See* AC ¶¶ 7, 12. It sufficiently alleges that there was an agreement, the date of transport, the conditions of transport (maintaining the required the temperature), the pick-up location, and the delivery location. *Id.* ¶¶ 10-13. And, as noted, Plaintiff indicates that it only dealt with Freezpak. *Id.* ¶ 12. Plaintiff has plausibly pled that Freezpak is subject to carrier liability.[3]

---

[3] Plaintiff alternatively argues that Freezpak can still be held liable as a broker for negligently hiring NST. Plf. Opp'n at 3-4. The Court does not reach this argument because of its ruling that Plaintiff has plausibly pled a claim against Freezpak. The Court notes, however, that there do not appear to be sufficient allegations in the AC to support a negligent hiring claim. The Court adds that Plaintiff fails to indicate whether this alternative argument refers to a Carmack Amendment or common law claim.

**B. State Law Claim**

Plaintiff also brings what appears to be a state-law claim against Freezpak for breach of contract. AC ¶¶ 30-32. Specifically, Plaintiff alleges that Freezpak breached their agreement by failing to properly arrange transportation for Plaintiff's cheese. *Id.* ¶ 31. Freezpak argues that Plaintiff's breach-of-contract claim is better understood as a breach-of-warranty claim, but that, in any event, the AC does not plausibly allege such a claim. D. Br. at 10.

To state a claim under New Jersey law for breach of contract,[4] a party must plausibly allege four elements:

> [F]irst, that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do, defined as a breach of the contract; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.

---

[4] Plaintiff asserts that the Court has jurisdiction over the Carmack Amendment claim under 28 U.S.C. § 1337(a) and supplemental jurisdiction under 28 U.S.C. § 1367. AC ¶ 8. Neither party, however, performs a choice of law analysis, and neither party analyzes the breach of contract claim in terms of its legal elements. The Court notes that while Plaintiff invokes the Court's supplemental jurisdiction, the Court may have diversity jurisdiction, 28 U.S.C. § 1332, as the parties appear to be completely diverse and the amount in controversy appears to be over $75,000. However, whether the Court exercised diversity jurisdiction or supplemental jurisdiction, its choice of analysis would be the same.

"In a case based on federal question jurisdiction where a court is exercising supplemental jurisdiction over state law claims, the federal court applies the choice of law rules of the forum state." *Carlton v. Choicepoint, Inc.*, No. 08-5779, 2009 WL 4127546, at *5 (D.N.J. Nov. 23, 2009). New Jersey, the forum state here, utilizes the "most significant relationship" test to determine the applicable substantive law. *See, e.g.*, *Maniscalco v. Brother Int'l Corp.*, 793 F. Supp. 2d 696, 704 (D.N.J. 2011); *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 373 (D.N.J. 2019). The test consists of two prongs. The first prong requires that a court assess the potentially applicable laws to determine if there is a conflict between the laws at issue. *Maniscalco*, 793 F. Supp. 2d at 704. Where no conflict exists, the Court applies the forum state's law. *Id.* Neither party indicates that the law of a state other than New Jersey should apply. As a result, the Court applies New Jersey law.

*Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). The Amended Complaint contains sufficient facts to state a claim for breach of contract. For the same reasons that Plaintiff plausibly alleges a Carmack Amendment claim, it also sufficiently alleges a breach of contract count. AC ¶¶ 10-13. Plaintiff has sufficiently alleged an agreement and sufficient certain terms of the agreement, including when and where the carrier was to pick up the shipment, the size of the shipment, the conditions under which the shipment had to be made, and the location to which the shipment was to be delivered. *Id.*

However, the Court has a separate concern that was not raised by either party. "For over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate shipping." *Certain Underwriters*, 782 F.3d at 335. The Third Circuit has observed "that the Carmack Amendment preempts all state law claims for compensation for the loss of or damage to goods shipped by a ground carrier in interstate commerce." *Id.* at 333. Preemption extends to claims for breach of contract under state common law. *Id.* at 336. In light of this potential issue, the Court instructs the parties to submit additional briefing as to whether Plaintiff's claim for breach of contract claim is preempted by the Carmack Amendment.

### IV. CONCLUSION

For the reasons set forth above, Freezpak's motion is **DENIED**. However, the Court will order additional briefing on whether Plaintiff's claim for breach of contract is preempted by the Carmack Amendment. An appropriate Order accompanies this Opinion.

Dated: August 25, 2022

                                                        John Michael Vazquez, U.S.D.J.